IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| STATE FARM LIFE INSURANCE COMPANY | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | FILE NO._____ |
| PAMELA CASON | ) | |
| | ) | |
| Defendant | ) | |

## **COMPLAINT**

Plaintiff STATE FARM LIFE INSURANCE COMPANY ("State Farm Life") files a complaint against Defendant Pamela A Cason as follows:.

## **Jurisdiction and Venue**

1.

State Farm Life is a corporation duly organized and existing under the laws of the State of Illinois, maintaining its principal place of business in Bloomington, Illinois. State Farm Life is duly licensed to do business in the State of Georgia.

2.

Defendant Pamela Cason ("Cason") is a citizen of the state of Georgia, residing in Brunswick, Georgia, within the Southern District of Georgia.

3.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, in that (a) there is diversity of citizenship between the parties, and (b) the matter in controversy, exclusive of interest and costs, exceeds the value of $75,000.

4.

Venue is proper in this United States District Court pursuant to 28 U.S.C. § 1391(b)(1) because the Defendant resides in this district.

**Cause of Action**

5.

On March 8, 2018, Kerry Benjamin Cason ("the Decedent") completed an application for life insurance with State Farm Life. On  March 12, 2018, the Decedent completed a supplement to his application for life insurance. A copy of Policy No. LF-3742-9347 ("the Policy"), to which the application and supplement are attached, is attached as Exhibit A.

6.

The application and supplement required the Decedent to answer questions pertaining to his health and medical history, which were material to the risk State Farm Life was asked to assume in providing life insurance to the Decedent.

7.

The application and supplement asked, in relevant part:

In the last 10 years, have you been diagnosed, treated, or been given advice by a member of the medical profession for any of the conditions listed below . . . .

☐ Blood disorder . . .

☐ Heart disorder . . .

☐ High blood pressure . . .

☐ Sleep Apnea . . . .

8.

In response to these questions, the Decedent identified "high blood pressure" and "sleep apnea," but not "heart disorder" or "blood disorder."

9.

The application and supplement further asked:

In the last five (5) years, have you for any reason not previously explained:

c.  Seen a physician or any member of the medical profession, had surgery, or been treated at a hospital or other medical facility, including emergency treatment?

10.

In response to this question, the Decedent answered "no."

11.

In connection with a paramedical examination, the Decedent was interviewed and asked similar questions regarding his health and medical history.

A copy of the paramedical examination interview transcript is attached as Exhibit

B.

                                    12.

 During the paramedical examination interview, the Decedent was asked:

 In the last 10 years, have you been diagnosed, treated, or been given advice
by a member of the medical profession for High Blood Pressure, Chest Pain,
Heart Attack, Heart Disorder, or Blood Vessel Disorder?

 In response, the Decedent identified only "HIGH BLOOD PRESSURE."

                                    13.

 During the paramedical examination interview, the Decedent was also

asked:

 In the last five (5) years, have you for any reason not previously explained
seen a physician or any member of the medical profession, had surgery, or
been treated at a hospital or other medical facility, including emergency
treatment?

 In the last five (5) years, have you for any reason not previously explained
had medication prescribed other than medications for cold, flu, seasonal
allergies or birth control?

 In response to both questions, the Decedent answered "No."

                                    14.

 The only medical provider identified by the Decedent in connection with his

application for life insurance was his family practice physician, Jennifer Miller,

M.D.

15.

Under the heading "Agreements," the Decedent's application for life

insurance stated, in relevant part:

> Coverage will be effective as of the Policy Date if the following conditions
> are met: the first premium is paid when this policy is delivered; the Proposed
> Insureds are living on the delivery date; and, on that delivery date, the
> information given to the Company is true and complete to the best of the
> Proposed Insureds' and Applicant's knowledge and belief . . .

> All Proposed Insureds and the Applicant state that the information in this
> Application and any medical history is true and complete to the best of their
> knowledge and belief. Information is not true and complete to the best of
> their knowledge and belief if it misrepresents or omits a fact which a
> Proposed Insured or the Applicant knew or should have known, regardless
> whether the misrepresentation or omission was intentional. It is agreed that
> the Company can investigate the truth and completeness of such information
> while this policy is contestable . . . .

16.

The application supplement similarly provided:

> I state that all information in this Life Application Supplement and any
> additional sheets is true and complete to the best of my knowledge and
> belief. The Life Application Supplement and any additional sheets will be
> part of the application.

17.

The Decedent named Cason as the sole, 100% beneficiary of life insurance

benefits payable under the Policy.

18.

The Policy was issued on April 5, 2018, with a Policy Date of February 10,

2018, in the face amount of $250,000.00.

19.

The front page of the Policy provided: "This Policy is based on the

Application and the payment of premiums for the term of insurance while the

Insured lives."

20.

Under the heading GENERAL PROVISIONS, the Policy provided in

relevant part:

> **The Contract.** This Policy contains the Basic Plan, any amendments,
> endorsements, any Riders, and a copy of the Application. This Policy is the
> entire contract. We have relied on the statements in the Application in
> issuing this Policy. We reserve the right to investigate the truth and
> completeness of those statements. In the absence of fraud, those statements
> are representations and not warranties. Only statements in the Application
> will be used to rescind this Policy or deny a claim within the time period
> specified in the Incontestability provision . . . .

> **Incontestability.** Except for nonpayment of premiums, We will not contest
> the Basic Plan after it has been in force during the Insured's lifetime for 2
> years from the Policy Date. Except for nonpayment of premiums, We will
> not contest any reinstatement after it has been in force during the lifetime of
> the Insured for 2 years from the Effective Date of the reinstatement. Any
> contest will be based on statements made in the Application that are material
> to the risk or the hazard assumed by Us . . . .

21.

The Decedent died on November 7, 2018.  copy of the Decedent's death

certificate is attached as Exhibit C.

22.

On or about December 4, 2018, Cason completed a claim form for life
insurance benefits under the Policy. A copy of Cason's life insurance claim form is
attached as Exhibit D.

23.

Because the Decedent died within the Policy's two year contestable period,
State Farm Life conducted an investigation into the Decedent's health and medical
history.

24.

State Farm Life obtained medical records showing that material information
was not disclosed in the Decedent's application and supplement, or in the
paramedical examination interview.

25.

Specifically, the Decedent's medical records showed that he was diagnosed,
treated, and prescribed medications for atherosclerosis coronary artery disease with
stents implanted in 2010 and 2013, was treated for hyperlipidemia and leukopenia,
and was prescribed Ativan, Benicar, Plavix, Zocor, Coreg and Carvedilol. The
records also showed he was treating with Lana Skelton, M.D., a cardiologist.

26.

By letter dated January 9, 2019, State Farm Life wrote to Cason stating:

Before an insurance policy can be issued, it is necessary that a formal application for insurance be completed. The information contained in that application is very important in determining if a proposed insured is eligible for coverage.

When the application for Life Insurance was approved, a copy of the completed application was attached to and made a part of the policy. In this way, the application was available for review so that if there were any errors or omissions, the Company could be notified. We have included with this letter copies of the applications for Life Insurance dated March 8, 2018 and March 12, 2018.

In the process of developing  your claim, we learned the application did not include information about the insured's history of coronary artery disease which included a coronary stent in 2013 and a cypher stent in 2010.

Our information indicates that Kerry Benjamin Casen was treated by Dr. Jennifer Miller and Dr. Lana Skelton in 2016 and 2017. Medical records indicate he was treated for atherosclerosis coronary artery disease with stents implanted in 2010 and 2013. Records also indicated he was treated for hyperlipidemia and leukopenia and was prescribed Ativan, Benicar, Plavix, Zocor, Coreg and Carvedilol.

This information was not disclosed on the application and would have been material to our decision to issue the policy. Had we known of this information, this policy would not have been issued. Therefore, we are unable to approve your claim.
Our check for $1,759.20 is enclosed. This represents a full refund of premiums paid.

A copy of the January 9, 2019 letter is attached at Exhibit E.

27.

Because material information was not disclosed in the Decedent's

application(s), State Farm Life was not aware of his true medical history at the time of the issuance of the Policy.

28.

The Decedent had a duty to inform State Farm Life of his true medical history at the time of his application for insurance.

29.

Had the Decedent disclosed his true medical history as required by the application(s) and the Policy, the Policy would not have been issued.

## Count I

## Declaratory Judgment
## The Conditions Precedent to Contract Formation Were Not Satisfied

30.

State Farm Life incorporates by reference paragraphs 1 through 29 of its complaint the same as if set out verbatim.

31.

The Policy never went into effect because the Decedent materially misrepresented his health and medical history in the application(s), and therefore, the conditions precedent to contract formation were not satisfied.

32.

Therefore, State Farm Life seeks a declaration that pursuant to the terms of the Policy, the Policy never went into effect, and that Cason not entitled to benefits

under the Policy.

## Count II

## Declaratory Judgment
## The Conditions Precedent to Liability Under the Policy Were Not Satisfied

33.

State Farm Life  incorporates by reference paragraphs 1 through 32 of its complaint  as if herein set out verbatim.

34.

 No coverage  under the Policy attached because material statements and answers in the Decedent's application(s) were not true and complete as of the date of issuance of the Policy.

35.

Therefore, State Farm Life seeks a declaration that no coverage or liability under the Policy exists due to the Decedent's failure to satisfy conditions set forth in his application(s) for insurance, and that Cason is not entitled to benefits under the Policy.

## Count III

## Rescission

36.

State Farm Life incorporates by reference paragraphs 1 through 35 of its complaint the same as if set out verbatim.

37.

The Decedent's failure to disclose to State Farm Life his true medical history constituted an omission and a concealment of facts rendering the statements in his application(s) for insurance incorrect and misrepresentations.

38.

The Decedent's misrepresentations, omissions, concealment of facts, and incorrect statements were made for the purpose of obtaining insurance; the Decedent intended for State Farm Life to rely on his statements and responses to the health and medical history questions in her application(s); State Farm Life did rely on the Decedent's statements and responses and did not know that they were untrue; and State Farm Life relied to its detriment and damage in accepting the application(s) and issuing the Policy to the Decedent.

39.

The aforesaid misrepresentations, omissions, concealment of facts, and incorrect statements were fraudulent.

40.

The aforesaid misrepresentations, omissions, concealment of facts, and incorrect statements were material to the acceptance of the risk and to the hazard assumed by State Farm Life.

41.

State Farm Life, in good faith, would not have accepted the application and would not have issued the Policy, had the true facts had been known to it, as required by the application(s) for insurance.

42.

State Farm Life has made, and hereby makes a continuing tender to Cason of a refund of all premiums paid for the Policy.

43.

State Farm Life is entitled to rescind the Policy by reason of the matters set forth above on any or all of the grounds provided by O.C.G.A. § 33-24-7(b), and is entitled to a declaration by this Court that the Policy was void *ab initio* and of no effect.

WHEREFORE, STATE FARM LIFE INSURANCE COMPANY prays:

(a) That the Court enter judgment in its favor declaring that Policy No. LF-3742-9347 is unenforceable, and never went into effect;

(b) That the Court enter judgment in its favor declaring that no benefits are payable under Policy No. LF-3742-9347;

(c) That Policy No. LF-3742-9347 be declared by this Court to be rescinded, void *ab initio,* and of no effect;

(d) That it be awarded its reasonable attorney's fees and costs; and

(e) That it have such other and further relief to which it is entitled.

This 1st day of August, 2019.

s/ *Elizabeth J. Bondurant*
Elizabeth J. Bondurant
Georgia Bar No. 066690

s/ *Aaron E. Pohlmann*
Aaron E. Pohlmann
Georgia Bar No. 582685

Attorneys for Plaintiff
State Farm Life
Insurance Company

WOMBLE BOND DICKINSON (US) LLP
271 17th Street NW, Suite 2400
Atlanta, Georgia 30363
Telephone:   (404) 872-7000
Facsimile:   (404) 888-7490
lisa.bondurant@wbd-us.com
aaron.pohlmann@wbd-us.com